# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# at GREENEVILLE

| | | |
|---|---|---|
| JOSHUA DEAN CLAWSON, #351786, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-98-HSM-SKL |
| | ) | |
| JOE HOLESCLAW, JOHNATHAN KING, JAMES FRITZ, TOM SMITH, and BILLY HAREL, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Joshua Dean Clawson, a prisoner now housed in the Turney Center Industrial Complex brings this *pro se* civil rights complaint under 42 U.S.C. § 1983, against several Carter County, Tennessee law enforcement officers and officials at the Carter County Detention Center, where he was formerly confined (Doc. 1). Based on the financial data supplied in the Plaintiff's affidavit, his application to proceed without prepayment of fees is **GRANTED** (Doc. 9). Nonetheless, because the Plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of the Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust

account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: <u>Clerk, USDC; 220 W. Depot St., Suite 200; Greeneville, TN 37743.</u> To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where the Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in the Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## I. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling the Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which

2

simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court examines the complaint in light of those requirements.

## II.     Plaintiff's Allegations

In paragraph V in the body of his pleading, the Plaintiff states his claims as follows:

> "Tom Smith – transporting my truk acrros state line for no reason
>
> Joe Holesclaw – Come in across state line tryin to arrest me
>
> Johnathan King –Taein my legal mail and put me into the same sell as an Aids victim
>
> James Fritz –Open my legal mail crul and unusual punishment
>
> Bily Harel –" (Doc. 1, p. 3) (misspellings in original).

On separate sheets of paper attached to the complaint, the Plaintiff expands on those claims, by alleging that, in 2005, he was beaten by Defendant Officer Joe Holesclaw and an Officer Jhonson. Because the Plaintiff was released from jail and because both officers were fired, he saw no need to pursue a lawsuit he had filed regarding the beating and did not respond to court orders entered in that lawsuit. However, at the end of 2007 or the beginning of 2008, Joe Holesclaw was rehired.

Early in 2010, Officer Holesclaw arrived at the Plaintiff's mother's house in Avery County, North Carolina, where the Plaintiff was staying. Defendant Holesclaw got out of his vehicle and turned his police dog loose. The Plaintiff ran away without any encounter with either Defendant Holesclaw or the canine. Defendant Holesclaw

3

arrested the Plaintiff's uncle and had the Plaintiff's truck towed to Carter County, where he put a hold on the truck without reason. The truck was not evidence in a case and nothing was found in the truck either. The Plaintiff believes that an Avery County officer should have been present when Defendant Holesclaw tried to arrest him at his mother's house in North Carolina. As the Court interprets the complaint, the Plaintiff's only request for relief is for the Court to send someone to talk to him so that he does not mess up his case.

### III. Discussion

*A. Time-Barred Claims*

For the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004). The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); *see also Porter v. Brown*, 289 F. App'x. 114, 116, 2008 WL 3838227, at *2 (6th Cir. 2008) ("[O]ur precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)."). The statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *See Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Under the prisoner "mailbox rule," this action was filed on March 10, 2011, the day the Plaintiff signed the complaint (Doc. 2 at 5). *Houston v. Lack*, 487 U.S. 266, 271

4

(1988) (deeming a prisoner's action to be filed on the date that it is properly delivered to the prison officials pursuant to the prison's established procedure for prisoners' mail); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on *a pro se* prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary).

Therefore, since the applicable statute of limitations began to run on the Plaintiff's 2005 claims at the latest on December 31, 2005, and since this action was not filed until March 10, 2011, well beyond the one-year period permitted for the filing of such actions, the Plaintiff's allegations concerning the events of 2005 are barred by the statute of limitation. Claims which are barred by the statute of limitations may be dismissed for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . "). And, such claims are also frivolous. *See Dellis v. Corr. Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001).

B.   *Conclusory Claims*

The Plaintiff complains that Defendant Johnathan King took his legal mail and housed him in a cell with an AIDS[1] victim and that Defendant James Fritz opened his legal mail. However, Plaintiff has not set forth essential facts surrounding those assertions, such when his legal mail was taken or opened, when he was housed with another inmate who had AIDS, or any of the details surrounding those events.

---

[1] The virus which causes AIDS (acquired immunodeficiency syndrome) is the human immunodeficiency virus (HIV), which is spread through body fluids, such as blood and semen, passed through sexual transmission, sharing needles, or blood infusions; AIDS is the final stage of an HIV infection. Centers for Disease Control and Prevention Website, Diseases and Conditions, HIV/AIDS, available at http://www.cdc.gov/hiv/ (last visited Apr. 3, 2015).

5

Moreover, the Plaintiff has not indicated whether the cellmate was HIV-positive which had progressed to AIDS, or was asymptomatic, or had engaged in any behavior which posed a risk of passing on the disease to the Plaintiff. This is important because "an inmate's HIV status alone does not make it likely that the inmate will transmit their (sic) HIV virus to another; [r]ather, it is an HIV[positive] inmate's behavior toward non-HIV inmates which carries the risk of HIV transmission." *Nolley v. County of Erie*, 776 F.Supp. 715, 736 (W.D.N.Y. 1991).[2]

"[A] *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court need not conjure up facts not pled to support allegations, shored up by nothing more than conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Because these particular contentions are devoid of the necessary facts, they fail to state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Thus, the Plaintiff's claims which are conclusory fail to state a claim for a constitutional deprivation.

C. Other Claims

If the Plaintiff's contentions that Defendant Holesclaw was "tryin[g]" to arrest him have a constitutional home they reside in the Fourth Amendment. Yet, the

---

[2] Though this claim is conclusory, the Court simply notes that the Eighth Amendment is not infringed merely by housing an inmate who has AIDS with other inmates. *See Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir.1998) (finding that a prison's failure to segregate inmates with HIV/AIDS did not violate the Eighth Amendment); *Legate v. Livingston*, No. 2:14-CV-269, 2015 WL 158868, at *6 (S.D. Tex. Jan. 12, 2015) ("[T]he federal courts have consistently held that confinement in the same cell as an HIV-positive inmate does not violate the Eighth Amendment.") (citing *Glick*, 855 F.2d at 539, and *Lacy v. Collins*, 66 F.3d 321, *2 (5th Cir. Aug. 8, 1995)).

6

Plaintiff's assertions in this regard do not state a claim under the Fourth Amendment because he maintains that he ran away from the officer and was never apprehended. A person is seized when an officer "by means of physical force or show of authority, has in some way restrained [his] liberty," but that person is not seized if he does not "actually yield to the show of authority." *United States v. Johnson*, 620 F.3d 685, 690 (6th Cir. 2010) (citations omitted). No seizure occurred; no claim has been stated.

The arrest of the Plaintiff's uncle implicates the issue of standing. The Plaintiff has no standing to contest the arrest of his uncle, as he must assert his own rights and not the rights of other individuals. *See Whitmore v. Arkansas*, 495 U.S. 149 (1990). Since the Plaintiff indicates that he himself was not arrested, the Court lacks jurisdiction over the claims involving his uncle.

The seizure of the Plaintiff's truck, which he insists was not "evidence in a case," falls under the rule in *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986), which holds that a plaintiff may not maintain an action under § 1983 for a random and unauthorized deprivation of personal property, whether negligent, *id*. at 543-44, or intentional, *Hudson v. Palmer*, 468 U.S. 517 (1984), if there is an adequate post-deprivation state remedy to address the claim and if there is no allegation that the procedures are actually inadequate to afford relief. *Parratt*, 451 U.S. at 543-44.

As the Court reads the Plaintiff's allegations, which are accepted as true, the truck was not seized pursuant to legal authority and, thus, the seizure was not authorized. The statutes governing the Tennessee Claims Commission, *see* Tenn. Code Ann. § 9-8-301 *et seq*., provide the plaintiff with a state remedy for any alleged illegal deprivation of property. No allegation has been made as to the inadequacy of these procedures. The Plaintiff, thus, has failed to state a claim which would entitle

7

him to relief under § 1983 with regard to the seizure of his truck.

Finally, Billy Harel has been named as a defendant, but the Plaintiff has made no allegations whatsoever against him. Therefore, the Plaintiff fails to state a claim against defendant Harel.

**IV.     Conclusion**

Based on the above discussion, the Plaintiff's contentions fail to state § 1983 claims against any of the Defendants. Therefore, this case will be dismissed *sua sponte* in its entirely against all named Defendants, under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A.

A separate order shall enter.

**ENTER:**

       */s/ Harry S. Mattice, Jr.*
       HARRY S. MATTICE, JR.
       UNITED STATES DISTRICT JUDGE